UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LISA GOSSELIN )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BANK OF AMERICA, N.A.; AND FEDERAL )<br>NATIONAL MORTGAGE ASSOCIATION, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 and 1466 and 28 U.S.C. § 1332 (diversity jurisdiction), defendants Bank of America, N.A. ("BANA") and Federal National Mortgage Association ("Fannie Mae" and collectively with BANA, "Defendants"), hereby remove to this Court the state court action described below, on the basis of diversity of citizenship. In support of this notice, Defendants state as follows:

1.    Plaintiff Lisa Gosselin ("Plaintiff") commenced this action against Defendants by Complaint to Enjoin Foreclosure (the "Complaint") filed on or about April 26, 2016, in the Superior Court of the State of New Hampshire, Belknap County, Docket Number 211-2016-CV-00095 (the "State Court Action").

2.    A Summons was issued by the state court on April 28, 2016.

3.    Attached hereto as Exhibit A is a copy of all process, pleadings, and orders received to date by Defendants in the State Court Action.

4.    The Plaintiff's claims in the State Court Action relate to property located at 39 White Oak Road, Gilmanton Iron Works, NH. *See* Compl.

## <u>STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1332,  1441 & 1446</u>

5.      Removal of this case is proper pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), which entitles a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."   This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

6.      <u>Diversity Jurisdiction</u>.  This court has original jurisdiction over Petitioner's action under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties.   Upon information and belief, Plaintiff is a citizen of New Hampshire.

7.      BANA is a national banking association and citizen of North Carolina for purposes of diversity citizenship, because its principal place of business is located in Charlotte, North Carolina.   *See* 28 U.S.C. § 1348 ("[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (for purposes of 28 U.S.C. § 1348, a national bank is located "in the State designated in its articles of association as its main office"); *see also Bank of Am., N.A. v. Johnson*, 186 F. Supp. 2d 1182 (W.D. Okla. 2001) (holding that Bank of America, N.A. is a citizen of North Carolina).

8.      Fannie Mae is a corporation chartered by the federal government with a principal place of business at 3900 Wisconsin Avenue, NW, Washington, D.C. 20016.   12 U.S.C. § 1717(a)(1) provides that Fannie Mae "shall maintain its principal office in the District of Columbia and shall be deemed, for purposes of venue in civil actions, to be a resident thereof."

9.      Accordingly, complete diversity of citizenship exists between Defendants and Plaintiff.

10.     The amount in controversy with respect to Plaintiff's claims, exclusive of interest and costs, exceeds $75,000.   See 28 U.S.C. § 1332(a).   Plaintiff seeks, among other things, declaratory judgment.   *See* Compl.   "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."   *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).   In a case seeking equitable relief against a foreclosure sale, the fair market value of the property is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction.   *See Bedard v. Mortg. Electronic Registration Sys., Inc.*, 2011 DNH 077, 2011 WL 1792738, *3 (May 11, 2011).   In this instance, according to the property assessment data, the assessed value of the Property is $250,200.00.   See Exhibit B.   Therefore, the amount in controversy exceeds $75,000.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

10.     Removal to Proper Court. This Court is part of the "district and division" embracing the place where this action was filed – Belknap County, New Hampshire.   *See* 28 U.S.C. §§ 1441(a), 1446(a).

11.     Removal is Timely.   Defendants are entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based, or within 30 days after service of the summons.   *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons").   Upon information and belief, BANA has not been served with a copy of the Summons and Complaint.   FNMA first received a copy of the Summons and Complaint on or about May 2, 2016.     Therefore, Defendants' Notice of

Removal is timely because it is being filed with the United States District Court for the District of New Hampshire within 30 days after Defendants' receipt of the Summons and Complaint.

12.     <u>Pleadings and Process</u>.  Attached hereto as Exhibit A is a copy of all process, pleadings, and orders received by Defendants in the State Court Action.  *See* 28 U.S.C. § 1446(a).  Pursuant to Local Rule 81.1(c), Defendants will file certified or attested copies of all records, proceedings, and docket entries in the state court within 14 days of the filing of this Notice.  Defendants have paid the appropriate filing fee to the Clerk of Court upon the filing of this Notice.

13.     <u>Notice</u>.  Defendants will promptly serve upon Plaintiff, and file with the Clerk of the Superior Court of Belknap County, New Hampshire, a Notice of Removal to All Adverse Parties attached hereto as <u>Exhibit C</u>, with it exhibits omitted.  Defendants will also file with the Clerk of the Superior Court of Belknap County, New Hampshire, a Notice of Filing Notice of Removal, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as <u>Exhibit D</u>, with its exhibits omitted.

14.     <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

<u>**CONCLUSION**</u>

15.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the State Court Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

16.     In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

WHEREFORE, this action should proceed in the United States District Court for the

District of New Hampshire, as an action properly removed thereto.

<div style="margin-left:40%">

Respectfully submitted,

BANK OF AMERICA, N.A. and FEDERAL
NATIONAL MORTGAGE ASSOCIATION

By its attorneys,

SHECHTMAN HALPERIN SAVAGE, LLP

</div>

Dated: May 31, 2016          */s/ Michael P. Robinson*
                             Michael P. Robinson, Esq. (N.H. Bar No. 21258)
                             1080 Main Street
                             Pawtucket, RI 02860
                             (401) 272-1400
                             (401) 272-1403 (fax)
                             mrobinson@shslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has this day been
forwarded by U.S. Mail to:

Lisa Gosselin
39 White Oak Road
Gilmanton Iron Works, NH 03837
*Pro Se Plaintiff*

Dated: May 31, 2016          By:  */s/ Michael P. Robinson*
                             Michael P. Robinson, Esq. (N.H. Bar No. 21258 )